IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK 16-81243 |
| | ) | |
| PLANET MERCHANT PROCESSING, INC., | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO JOINT MOTION FOR CONTINUANCE OF THE HEARING DATE ON DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACTS FILED BY TRANSFIRST, L.L.C., FIRST AMERCAN PAYMENT SYSTEMS, L.P., EVO MERCHANT SERVICES, L.L.C. AND WORLDPAY US, INC.**

COMES NOW Planet Merchant Processing, Inc., the Debtor and Debtor-in-Possession in the above-referenced case (the "Debtor"), and hereby objects to the Motion for Continuance of the Hearing Date on Debtor's Motion to Reject Executory Contracts filed by TransFirst, L.L.C., First American Payments Systems, L.P., EVO Merchant Services, L.L.C. and Worldpay US, Inc. (Filing No. 45). In support of this Objection, Debtor states as follows:

BACKGROUND

1. On August 17, 2016, the Debtor initiated this case by filing a petition in bankruptcy under Chapter 11 of the U.S. Bankruptcy Code.

2. Also, on August 17, 2016, the Debtor filed four Motions to Reject Executory Contracts ("Motions to Reject") along with a Motion to Shorten Notice and for an Expedited Hearing.

3. On August 18, 2016, the Court filed an Order sustaining the Debtor's Motion to Shorten Notice and for an Expedited Hearing. The Court set August 29, 2016 as the deadline to object to the Motions to Reject and further set September 1, 2016 as the date of the hearing on any objections to the Motions to Reject.

4. On August 22, 2016, Counsel for TransFirst, L.L.C. ("TransFirst") and First American Payment Systems, L.P. ("FAPS") contacted Debtor's counsel and requested a continuance of the hearing date of September 1, 2016 so that their clients could conduct discovery regarding the Motions to Reject Executory Contract. Counsel for the Debtor advised that the Debtor would not agree to a continuance, but advised Counsel for TransFirst and FAPS

that the Debtor would attempt to accommodate any reasonable requests for information in a timely manner.

5. On August 24, 2016, TransFirst, FAPS, EVO Merchant Services, L.L.C. and Worldpay US, Inc. (the "Movants") filed a Joint Motion to Continue Hearing on the Debtor's Motions to Reject Executory Contracts.

## ARGUMENT

6. For the reasons stated by the Debtor in the Motions to Reject Executory Contracts and Motions to Shorten Notice and for an Expedited Hearing Date, the Debtor opposes the Motion to Continue. Since 2012, the Debtor has operated at a net loss under its contracts with the Movants and cannot continue to do so while the Movants engage in discovery on these motions. Instead, the Debtor wishes to reject the contracts and to focus its efforts on selling its assets, or possibly entering into more lucrative contracts.

7. The Debtor questions the sincerity of the customers' purported desire to conduct full scale discovery proceedings on the Debtor's Motion to Reject Executory Contracts. On August 22, 2016, the Debtor advised TransFirst and FAPS, that the Debtor it will attempt to accommodate any reasonable requests for information which may relate to the Debtor's Motion to Reject Executory Contracts, including the financial information referenced above. As of the date of this objection, neither TransFirst nor FAPS, nor the other two Joint Movants, have requested any information from the Debtor.

8. The need for a full scale discovery proceeding is further questionable given the standards relating to the approval or denial of a Motion to Reject Executory Contracts. As previously noted, the "business judgment test" which is utilized for determining whether a rejection of an executory contract should be approved "is not an onerous one." *In re Crystalin*, 293 B.R. 455, 464 (8th Cir. BAP(2003) (quoting *Orion Pictures Corp. v. Showtime Networks, Inc.* (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993), cert. dism., 511 U.S. 1026, 114 S. Ct. 1418, 128 L. Ed. 2d 88 (1994)). In fact, in reviewing a motion to reject an executory contract, the bankruptcy court should presume that the debtor in possession has acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken is in the best interests of the bankruptcy estate. 3-365, *Collier on Bankruptcy*, p. 365.03 (15th Ed. 2015). Additionally, the Court "should approve rejection unless the conclusion that the rejection would

be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id.*

9. Based on the foregoing, the Debtor submits that the motion for continuance is simply an attempt by Movants to force the Debtor to continue to comply with the overly burdensome contracts which only serves to benefit their interests, while increasing the financial losses of the Debtor. The Debtor needs a resolution of its Motions to Reject the Executory Contracts to stop its financial losses and to allow it to rid itself of these overbearing contracts and to allow it focus on other methods to maximize the value to the estate.

10. In the event, the Movants are granted their Motion to Continue, the Debtor requests the Court to determine that the Debtor is relieved of any obligations it may have to provide services to the Movants under the subject contracts.

WHEREFORE, the Debtor requests the Court to deny Movants' Motion for Continuance, and, if the Court decides to grant the Motion for Continuance, the Debtor requests the Court to determine that the Debtor is relieved of any obligations it may have to continue to provide services to the Movants under the subject contracts, and to grant the Debtor such other relief as is just and equitable.

Dated: August 25, 2016.

Respectfully submitted:

PLANET MERCHANT PROCESSING, INC., Debtor

By:    s/ Sam King
Sam King, NE # 19942
MCGILL, GOTSDINER, WORKMAN &
   LEPP, P.C., L.L.O
11404 West Dodge Road, Suite 500
Omaha, NE 68154-2584
(402) 492-9200
samking@mgwl.com
Attorney for Debtor

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2016, I caused filing of the foregoing document with the Clerk of the Bankruptcy Court using the CM/ECF system of the United States Bankruptcy Court for the District of Nebraska.

s/ Sam King