IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-81243 |
| | ) | (Chapter 11) |
| PLANET MERCHANT PROCESSING, INC., | ) ) ) | OBJECTION TO AMENDED MOTION FOR ORDERS PURSUANT TO 11 U.S.C. |
| Debtor. | ) ) ) ) ) | §§ 105(a) AND 363 AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS |

COME NOW TransFirst, L.L.C. ("TransFirst"), and for its objection to the Debtor's Amended Motion for Orders Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing and Approving the Sale of Substantially all of the Debtor's Assets (Doc. # 154) (the "Sale Motion") shows to the Court as follows:

1. On August 17, 2016 the Debtor filed this case as well as a motion seeking to reject executory contracts with TransFirst and three other customers of the Debtor (collectively the "Customers").

2. By the Sale Motion, the Debtor seeks to finalize its scheme to transfer all of its assets to its parent corporation, Planet Group, Inc. ("PGI") for $50,000. The Sale Motion was not filed in good faith and should be denied.

3. The Sale Motion proposes to allow PGI to credit bid an unsecured claim, alleged to be in the amount of $12,370,928.40. The Sale Motion further provides that the credit bid along with fifty thousand dollars ($50,000.00) in cash shall constitute the equivalent of a cash bid of $6,050,000.

4. While Section 363(k) permits a secured creditor to credit bid, no such comparable provision exists in the Bankruptcy Code for an unsecured creditor such as PGI to credit bid. *In re Moritz*, 162 B.R. 618 (Bankr. W.D. Fla. 1994) (It is clear, that while a secured creditor may setoff its allowed secured claims against the purchase price of a property of the estate to be sold by the Trustee pursuant to § 363(k), there is no

comparable provision which would permit unsecured creditors to offset their claims); *In re The Free Lance-Star Publishing Co.*, 512 B.R. 798 (Bankr. D. Va. 2014) (creditor was not allowed to credit bid on assets that did not secure its claim).

5. By arbitrarily "valuing" the unsecured credit bid at $6 million, the Debtor seeks to eliminate all bids at the auction, thus ensuring that its parent, PGI, will acquire the property for $50,000. Such inequitable conduct constitutes "cause" under Section 363 to prohibit credit bidding *Free Lance-Star Publishing, supra* (credit bidding should not be allowed where the secured party attempts to depress, rather than enhance, the market value of the debtor's business in order to acquire the business).

6. The Sale Motion assumes the validity of PGI's asserted claim, which may be subject of objections by the Committee or parties in interest.

7. The Sale Motion proposed an auction on December 19, 2016, or 18 days after the Sale Motion was filed, and further provides that by bidding, each bidder shall be deemed to acknowledge and represent that:

> [I]t has had an opportunity to obtain information regarding the Purchased Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Purchased Assets in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection therewith the Auction, except as expressly stated in the Bidding Procedures.

Eighteen days is not a sufficient amount of time for any prospective bidder to conduct due diligence and eighteen days is clearly not a sufficient amount of time to conduct discovery to determine whether the Sale Motion is in the best interests of creditors.

8. The Sale Motion should also be denied because it does not preserve the Customer's rights under Section 365(n)(1) of the Bankruptcy Code, instead limiting

2

those rights to "any rights to continuing use and possession of the software" (¶ 17, Sale Motion).

9.    The Sale Motion should also be denied to the extent that it seeks a break-up fee for a $50,000 cash bid.

10.    Finally, TransFirst objects to the Debtor's request for a finding that the proposed sale is in good faith.

WHEREFORE, TransFirst respectfully requests the Court enter an order denying the Sale Motion in its entirety.

>                TRANSFIRST, LLC
>
> By:    CLINE WILLIAMS
>        WRIGHT JOHNSON & OLDFATHER, L.L.P.
>        233 South 13th Street
>        1900 U.S. Bank Building
>        Lincoln, NE 68508-2095
>        (402) 474-6900
>        rgarden@clinewilliams.com
>
> By:    /s/ Richard P. Garden, Jr.
>        Richard P. Garden, Jr. - #17685

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

> /s/ Richard P. Garden, Jr.
> Richard P. Garden, Jr.

4834-1018-4510, v. 1